**2013 BNH 003   Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                       Bk. No. 12-12791-BAH
                                                                                             Chapter 13
Archie J. Petuck
and Silvia H. Petuck,
          Debtors


*Arthur O. Gormley, III
and Elizabeth A. Le
Gormley & Gormley, PC
351 Main Street
Nashua, NH 03060
Attorney for Debtors*

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

The Court has before it the Debtors' Motion to Reconsider (Doc. No. 45) (the "Motion") filed on March 20, 2013. The Motion requests that the Court reconsider its March 14, 2013 Order (Doc. No. 39) (the "Order"), which denied the Debtors' Motion to Enlarge Time Period to File Proof of Claim (Doc. No. 35) (the "Enlargement Motion"). The Court denied the Enlargement Motion on the grounds that, pursuant to Fed. R. Bankr. P. ("Bankruptcy Rule") 9006(b)(3) and 3002(c), the Court lacked authority to extend the deadline to file a proof of claim.

A "motion for reconsideration" is not recognized by the Federal Rules of Civil Procedure (the "Rule").  In re Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) (citations omitted).  "The federal courts have consistently stated that a motion so denominated which challenges the prior

judgment on the merits will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." Id. at 219. "Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Id. The Motion was filed within fourteen days and, therefore, is a motion to alter or amend the Order under Bankruptcy Rule 9023, which makes Rule 59 applicable. To succeed on a Rule 59(e) motion, a moving party must establish a manifest error of law or fact or must present newly discovered evidence. Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000). Here, the Debtors allege an error of law as the grounds for relief.

  The Motion makes two arguments. First, that the Debtors did not seek to enlarge the time to file a proof of claim under Bankruptcy Rule 3002(c) (time for filing claims by creditors or equity security holders), but rather under Bankruptcy Rule 3004 (time for filing claims by debtors or trustees). The Debtors argue that Bankruptcy Rule 9006(b)(3) does not restrict the Court's authority to extend the Bankruptcy Rule 3004 deadline by way of 9006(b)(1), the general rule on extending deadlines. Second, the Debtors argue that their failure to file a claim within Bankruptcy Rule 3004's deadline was a result of excusable neglect.

  This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334, 157(a), and U.S. District Court for the District of New Hampshire Local Rule 77.4(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

2

**II. BACKGROUND**

The Order was entered based upon the legal arguments of the movant at a hearing held on March 14, 2013. No evidence was submitted at that hearing. However, the Court's ruling was based upon the contents of pleadings and dates in the Court's docket as alleged by the Debtors and judicially noticed by the Court. The Debtors have not alleged that there are any factual errors or omissions material to the relief sought in the Motion. The following uncontested factual information is taken from the Court's docket.

On September 4, 2012 (the "Petition Date"), the Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code. On their Creditors Matrix, the Debtors listed Federal National Mortgage Assoc. ("FNMA"). On Schedule D, the Debtors listed a secured debt to FNMA in the amount of $305,573.21, secured by their residence in Hollis, New Hampshire, ostensibly pursuant to a note and mortgage.

On September 18, 2012, the Debtors filed a chapter 13 plan (Doc. No. 10) (the "Plan"). The Plan provided for the debt to FNMA as a secured claim and proposed to cure an estimated pre-petition arrearage of $15,400 over the 60-month term of the Plan. On October 9, 2012, attorney Richard Mulligan filed an appearance for MetLife Home Loans as servicer for FNMA.

According to the original Notice of Chapter 13 Bankruptcy Case (Doc. No. 4), the deadline to file a proof of claim in the case was January 14, 2013[1]. Accordingly, under Bankruptcy Rule 3004, the deadline for the Debtors or Trustee to file a proof of claim was February 13, 2013. No party filed a proof of claim relating to the debt to FNMA, and both deadlines passed without extension.

---

[1] The deadline for a governmental unit to file a proof of claim was March 4, 2013.

The hearing on the Debtors' Plan originally scheduled for November 16, 2012 was continued several times before being held on March 14, 2013. On March 13, 2013, the day before the continued hearing on the Plan, the Debtors filed the Enlargement Motion, requesting that the Court extend the then-expired deadline to file a proof of claim to March 20, 2013. On March 14, 2013, the Court entered the Order denying the Enlargement Motion. On March 15, 2013, the Court entered an order (Doc. No. 40) confirming the Plan, and allowing the proposed treatment of FNMA, subject to the allowance of its claim.

The Enlargement Motion states that Debtors' counsel neglected to file a proof of claim by the deadline because the deadline "was not entered into [counsel's] calendar." The Motion states that Debtors' counsel "believed that the creditor would file a proof of claim as is customary for a secured creditor. Further, the [D]ebtors were in active loan modification negotiations with the creditor and it was believed that an agreement would be reached." Finally, the Motion states that the Debtors "requested approval from the court to file a proof of claim as soon as it became apparent that the creditor had failed to do so." The Motion argues that there will be no delay to the proceedings if the Order is vacated and the Enlargement Motion is granted.

## III.  DISCUSSION

### A. Extending the Deadline to File a Proof of Claim under Bankruptcy Rule 3004

Bankruptcy Rule 9006(b)(1) grants the Court general discretion to extend deadlines under the Bankruptcy Code and Bankruptcy Rules subject to certain conditions and limitations. Under Bankruptcy Rule 9006(b)(1), if a deadline has expired without extension, the Court can

extend the deadline if the moving party can show that its failure to act was the result of excusable neglect, subject to certain limitations on extending deadlines enumerated in subsections (b)(2) and (b)(3). The deadline under Bankruptcy Rule 3004 had expired before the Motion was filed.

Bankruptcy Rule 9006(b)(3) states that the Court may extend the deadline under Bankruptcy Rule 3002(c), i.e., the time for filing a proof of claim, only to the extent and under the conditions stated in Bankruptcy Rule 3002(c). Bankruptcy Rule 3002(c) states the general rule that a proof of claim must be filed within 90 days after the first date set for the first meeting of creditors. Subsections (1) through (6) of Bankruptcy Rule 3002(c) state certain limited instances in which the Court may extend the general deadline. The Debtors did not allege or argue that any of the enumerated exceptions to the general deadline applied to the Extension Motion, and excusable neglect is not a ground for an extension of the filing deadline under Bankruptcy Rule 3002(c).

In the Motion, the Debtors argue that they were not seeking to extend the deadline under Bankruptcy Rule 3002(c), but rather under Bankruptcy Rule 3004. They contend that because Bankruptcy Rule 3004 is not enumerated in Bankruptcy Rule 9006(b)(2) or (b)(3), the Court may grant an extension upon a showing of excusable neglect. The Court is satisfied that after the expiration of the deadline under Bankruptcy Rule 3004 it may "for cause shown" and upon a finding of excusable neglect extend the deadline. Bankruptcy Rule 9006(b)(1). See In re Sykes, 451 B.R. 852, 862 (Bankr. S.D. Ill. 2011); In re Schuster, 428 B.R. 833, 837 (Bankr. E.D. Wisc. 2010). In this case, because the deadline the Debtors are seeking to extend has expired without extension, the Court may only extend the deadline upon a showing of both cause and excusable

neglect. Bankruptcy Rule 9006(b)(1).

Bankruptcy Rule 9006(b)(1) merely allows a court to extend an expired deadline upon a showing of excusable neglect; it does not require it. Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 399 (1993). A determination of excusable neglect is at base an equitable determination, which takes account of "*all* relevant circumstances surrounding a party's omission". Id. at 395 (emphasis added). Some of the relevant factors to consider include: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith[2]." See id.

Here, the length of the delay was considerable. The deadline for FNMA to file a proof of claim expired on January 14, 2013 without the creditor having filed a claim. This should have put the Debtors on alert that they had until February 13, 2013, pursuant to Bankruptcy Rule 3004, to file a claim on FNMA's behalf. However, that deadline came and went without a claim or a motion to extend the deadline being filed. Only on March 13, 2013, a full month after the deadline passed and on the eve of the confirmation hearing on the Debtors' Plan, did the Debtors seek to extend the deadline. The Debtors state that they requested an extension of the deadline "as soon as it became apparent" that FNMA had failed to file a claim. However, Bankruptcy Rule 3004 provides a thirty day time period for the Debtors to determine if a claim has been filed and, if not, to file a claim for the creditor. The Motion is, in essence, asking the Court to double the period of time for the Debtors to act under Bankruptcy Rule 3004. Such relief might be available upon a showing of cause and excusable neglect.

---

[2] The Court is satisfied that the Debtors did not act in bad faith.

### B.  Determination of Cause Under Bankruptcy Rule 9006(b)(1)

According to the Debtors, the reasons for the delay included: 1) failure to enter the deadline into counsel's calendar; 2) a belief that FNMA would file a proof of claim[3]; and 3) the existence of ongoing loan modification negotiations between the Debtors and FNMA.  These reasons for delay do not establish cause for an extension.  The debtors' argument established that the creditor's representatives were participating in the case and that the Debtors were in contact with the creditor discussing a modification of the mortgage claim.  There is no allegation or argument that the debtors were misled by the creditor.  Rather the Debtors were apparently attempting to resolve payment of a prepetition mortgage arrearage through a loan modification as an alternative to the plan.  The failure of the creditor, or the Debtors, to timely file a proof of claim in this chapter 13 proceeding will result in the creditor not having an allowed claim for a mortgage arrearage which could be paid through the Plan.  In re MacKenzie, 314 B.R. 277, 280 (Bankr. D.N.H. 2004).  The failure to have an allowed claim does not affect the validity or perfection of the creditor's mortgage.  Id. at 279.  Accordingly, in order to preserve the option of paying a mortgage arrearage through a chapter 13 plan, either the creditor or the Debtors needed to timely file a proof of claim.

The policy behind the strict deadline for filing of proofs of claim in chapter 13 proceedings is in material part based on the goal of prompt confirmation of a plan, the allowance of claims and commencement of distributions to creditors holding allowed claims.  Unreasonable

---

[3] The Court notes that counsel to FNMA's servicer filed an appearance in the case less than a month after the Petition Date, and Debtors' counsel could have contacted counsel for FNMA to determine its intention with respect to filing a proof of claim.

7

delay in the confirmation of a plan and the allowance of claims is detrimental to the interests of all creditors and the ultimate fresh start for debtors.  The deadlines for the filing of claims in a chapter 13 proceeding have been established to avoid delays which would be prejudicial to creditors, as well as debtors.  The potential impact of the delay which the allowance of the Motion could cause is not as simple as the Debtors suggest. If the Debtors are allowed to file a proof of claim on behalf of FNMA, more than six months after the commencement of the case and more than two months after the original deadline under Bankruptcy Rule 3004, the matter is not conclusively resolved.  FNMA could then amend the proof of claim to modify the amounts of the total claim and the arrearage. See In re Oscar, 2005 Bankr. LEXIS 3345 at *18-19 (Bankr. E.D. Pa. April 14, 2005).  Given the virtual certainty that the Debtors are only able to estimate the amount of the arrearage in this case, an amendment by FNMA is highly likely.  The final allowance of such a claim could render the Plan underfunded or, if the Debtors did not agree with the amount of FNMA's amended claim, result in a lengthy contested matter to resolve any objection could result. All of this could serve to delay the commencement of distributions under the Plan to all creditors.

      The adoption of the Debtors' arguments would, in effect, eliminate the deadlines placed on the timely filing and prompt resolution of claims in chapter 13 proceedings.  Such a result requires a high standard for the "cause" to permit such a deviation.  In this case, the Motion makes clear that both the Debtors and the creditor were in communication about this claim and simply failed to timely file a proof of claim.  No external factors, mistake, or circumstances beyond the control of the parties has been alleged, much less established.  Accordingly, the Court does not find cause under Bankruptcy Rule 9006(b)(1) to extend the date.

### C. Determination of Excusable Neglect Under Bankruptcy Rule 9006(b)(1)

Even if cause for an extension existed, the Debtors would need to also establish excusable neglect. The only excusable neglect offered is a failure to calendar the deadline. However, for the reasons discussed in the preceding section on cause, there may be neglect, but it is not excusable. The parties were aware of the claim and were negotiating a resolution of the claim outside of the plan process through a mortgage modification. While that process can be a more flexible and feasible method of resolving mortgage arrearages, the failure to file any claim eliminates the option of resolving the issue through the plan, because there can be no allowed claim for the deficiency. Both the Debtors and the creditor failed to take the necessary steps to preserve that option. Whether that failure was inadvertent or intentional, the parties cannot seriously claim that the claim was not the subject of communication between them. Accordingly, the Motion does not present the Court with any allegations under which it could find excusable neglect within the context of Bankruptcy Rule 9006(b)(1).

## IV.  CONCLUSION

The totality of the circumstances of the case and the interests of efficient judicial administration of this chapter 13 proceeding weigh in favor of not extending the deadline under Bankruptcy Rule 3004 under the standards established by Bankruptcy Rule 9006(b)(1). Accordingly, the Court shall deny the Motion. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date:  May 17, 2013                         /s/ J. Michael Deasy
                                            J. Michael Deasy
                                            Bankruptcy Judge